IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00393-REB-MEH

STAN CHAMBERS,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EAGLE, COLORADO, in its official capacity,
JACKIE COOPER, in her individual and official capacities,
JOSEPH D. HOY, Eagle County Sheriff, in his official capacity,
HEATH MOSNESS, Eagle County Deputy Sheriff, in his individual and official capacities,
TAD DEGAN, Eagle County Deputy Sheriff, in his individual and official capacities,
BOARD OF EDUCATION, EAGLE COUNTY SCHOOL DISTRICT, in its official capacity,
ERIC MANDEVILLE, in his individual and official capacities, and
KIMBERLY JAMES, in her individual and official capacities,

    Defendants.

---

**ORDER ON MOTIONS TO STAY**

---

Pending before the Court are Defendant Cooper's Motion to Stay Discovery Pending Determination of Absolute, Qualified, Eleventh Amendment, and Sovereign Immunities [filed August 2, 2013; docket #47], and Defendants the Board of County Commissioners of Eagle County, Colorado, Joseph D. Hoy, and Tad Degen's Motion to Stay Proceedings [filed August 2, 2013, docket #49]. Both Motions are referred to this Court for disposition. (Dockets ##48, 50.) Upon order of the Court, Plaintiff filed a response to the Motions on August 8, 2013, indicating that he takes no position on the relief requested therein. For the reasons that follow, both Motions are **GRANTED**.

**I.**    **Background**

Plaintiffs initiated this action against Defendants the Board of County Commissioners of the County of Eagle ("Eagle County"), Jackie Cooper, Sheriff Joseph D. Hoy, Deputy Sheriff Heath Mosness, Deputy Sheriff Tad Degen, the Board of Education, Eagle County School District ("School District"), Jane Doe, Eric Mandeville, and Kimberly James, on February 13, 2013. (Docket #1.)  Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff amended his complaint as matter of course on May 5, 2013. (Docket #9.)  His Amended Complaint eliminates Plaintiff's claims against Jane Doe and asserts five causes of action against the remaining Defendants: Claims One through Four allege various violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; Claim Five alleges outrageous conduct. (*Id.*)

In response to the Amended Complaint, Defendant Cooper filed a motion to dismiss on July 8, 2013, asserting absolute judicial immunity, qualified immunity, and Eleventh-Amendment immunity. (Docket #32.)  Similarly, on July 26, 2013, Defendants Mandeville, James, and the School District (self-described "School District Defendants") also moved to dismiss Plaintiff's claims. (Docket #41.) The School District Defendants' motion to dismiss asserts qualified immunity on behalf of Mandeville and James with regard to Plaintiff's constitutional claims and governmental immunity on behalf the school pursuant to the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-114(4) ("CGIA"). (*Id.*)  Following suit, Defendants Eagle County, Hoy, and Degen ("the County Defendants") filed their own motion to dismiss on July 30, 2013. (Docket #43.)  Like the School District, Eagle County and Sheriff Hoy (sued in his official capacity) assert immunity under the CGIA, while Hoy claims an entitlement to qualified immunity. (*Id.*)  All of the aforementioned motions seek to dispose of this action in its entirety.

After filing their respective motions to dismiss, Defendant Cooper and the County Defendants filed the pending Motions to Stay. (Dockets ##47, 49.)  The School District Defendants join the County Defendants in their request. (Docket #51.)  As noted above, Plaintiff takes no position on the proposed stay. (*See* docket #54.)

## II. Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  The Court's discretion to stay proceedings arises from its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). The United States Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S.

226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same).

Although public entities may not assert qualified immunity, the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) explained that qualified immunity is intended, in part, to mitigate the "heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government." Recognizing the practical realities of litigation, the Court speculated that even if qualified immunity relieved an official of his or her immediate discovery obligations, the discovery process requires some oversight on the part of the official's counsel to ensure the case does not go awry. *Id*. at 685-86.  Thus, the Court indicated that allowing the discovery to continue as to the entity would undermine the purpose of the doctrine. *Id*.

Similar to the United States Supreme Court's qualified immunity jurisprudence, the Colorado Supreme Court has established its own mandate to limit discovery upon the invocation of immunity under the CGIA.  *See Finnie v. Jefferson Cnty Sch. Dist. R-1*, 79 P.3d 1253, 1259 (Colo. 2003) (citing Colo. Rev. Stat. § 24-10-108).  Such a rule comports with the CGIA's purpose of "protect[ing] the government from excessive fiscal burdens, which include not only the cost of judgments against the government but the costs of unnecessary litigation as well." *Id*. (internal quotations omitted).

In this District, a stay of all discovery is generally disfavored. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  However, as this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing

4

party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted). In determining whether to impose a stay, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth above for determining the propriety of a stay, the Court finds that a temporary stay is appropriate here, pending adjudication of the motions to dismiss. *See String Cheese,* 2006 WL 894955, at *2. First, with respect to the first and second factors, there can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden. In light of the Supreme Court's instruction regarding qualified immunity, the Court finds that the potential harm to Plaintiff is outweighed by the burden Defendants would bear in requesting and responding to discovery. The Court's conclusion is underscored by the Colorado Supreme Court's directives regarding governmental immunity. The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. Therefore, the Court holds that a temporary stay of discovery is appropriate pending the resolution of the various immunity questions raised in the pending motions to dismiss.

**III.     Conclusion**

For the reasons set forth above, Defendant Cooper's Motion to Stay Discovery Pending Determination of Absolute, Qualified, Eleventh Amendment, and Sovereign Immunities [filed August 2, 2013; docket #47], and Defendants the Board of County Commissioners of Eagle County, Colorado, Joseph D. Hoy, and Tad Degen's Motion to Stay Proceedings [filed August 2, 2013, docket #49] are **GRANTED** as stated herein.

Dated and entered this 12th day of August, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge