IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00393-REB-MEH

STAN CHAMBERS,

       Plaintiff,

v.

JACKIE COOPER, in her official capacities,
JOSEPH D. HOY, Eagle County Sheriff, in his official capacity,
HEATH MOSNESS, Eagle County Deputy Sheriff, in his individual and official capacities,
TAD DEGEN, Eagle County Deputy Sheriff, in his individual and official capacities,
ERIC MANDEVILLE, in his individual capacity, and
KIMBERLY JAMES, in her individual capacity,

       Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

       Before the Court is a Motion to Dismiss Claims Against the Board of County Commissioners of Eagle County, Colorado,[1] Joseph D. Hoy, and Tad Degen Pursuant to Fed. R. Civ. P. 12(b)(1) & (b)(6) [filed July 30, 2013; docket #43].  Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #46].  The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication.  For the reasons that follow, the Court respectfully RECOMMENDS that the Motion to Dismiss be **granted**.[2]

---

[1] As more fully set forth below, the Board of County Commissioners has been dismissed as a Defendant in this case.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this

## BACKGROUND

Plaintiff Stan Chambers initiated this lawsuit on February 13, 2013. The Amended Complaint contains four claims against Defendants Eagle County Sheriff Joseph Hoy and Eagle County Deputy Sheriff Tad Degen[3] for violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983, and one claim for outrageous conduct. The claims arise from Plaintiff's arrest for violating terms and conditions of a restraining order that was later declared invalid by Eagle County District Court.

## I.     Facts

The following are factual allegations made by Plaintiff in his Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On January 21, 2005, Defendant James (formally Chambers), Plaintiff's wife at the time, obtained a Temporary Protection Order against Plaintiff. Amended Complaint, ¶ 16, docket #9. The temporary order was made permanent on February 3, 2005 ("the Protection Order"). *Id*. at ¶ 18.

_____

case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de</u> <u>novo</u> determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[3] Plaintiff alleges that Defendant Degen was also the School Resource Office for Eagle Valley High School.

The Protection Order did not include the parties' children as protected persons; it was a "no contact" order between Plaintiff and Defendant James only. *Id*. at ¶¶ 17-18.

On April 7, 2005, Plaintiff and Defendant James divorced. *Id*. at ¶ 19. The Protection Order was dismissed and simultaneously incorporated verbatim into the Final Dissolution Decree. *Id*. Defendant James was awarded sole custody of the couple's two children. *Id*.

For undisclosed reasons, Plaintiff was sentenced to six years in the Department of Corrections ("DOC") on August 10, 2007. *Id*. at ¶ 20. He was released on parole on March 24, 2011. *Id*. Despite living what Plaintiff describes as "a non-functional life" in the years before he was incarcerated, Plaintiff chose to change while in prison, "as evidenced by his life of sobriety, spirituality and integrity[,] his position as a highly valued employee[,] and having the support and confidence of his family, employer, and Parole Officers." *Id*. at ¶ 21.

While Plaintiff was incarcerated, he was authorized by his DOC case manager to contact his children by mail. *Id*. at ¶ 22. He wrote letters to his children the entire time he was incarcerated, though the children only wrote back to him during the first year. *Id*. at ¶ 23. When Plaintiff was released in 2011, his case manager again informed him that he was authorized to send gifts and letters to his children. *Id*. at ¶ 25. However, when he mailed gifts, cards and money to his children at their home address, Defendant James filed a report with the Eagle County Police Department ("the Police Department"). *Id*. at ¶ 26. The report claimed that Plaintiff "has been stalking her and violating a protection order that protects her and her children," and that she "is upset over the mail to their home and telephone calls [from Plaintiff] to [his daughter's] school." *Id*. at ¶¶ 27-28.

Officer Arnold, the police officer investigating Defendant James' report, determined that the children were not protected parties in the Final Dissolution Decree. *Id*. at ¶ 29. Nevertheless,

Officer Arnold contacted Defendant Degen, the School Resource Officer at the children's school, and "told [him] about this case." *Id*. at ¶ 31. Officer Arnold also contacted the school principal and told her about the Final Dissolution Decree. *Id*. at ¶ 32. The principal "wanted to post a photograph of [Plaintiff] in the office so that if he is seen, they call the police immediately." Defendant James was an employee at the school. *Id*. at ¶ 13.

On February 14, 2012, Plaintiff sent a dozen roses to his daughter at school with a card that said, "Happy Valentine's sweetheart[.] I miss you[.] Love Dad." *Id*. at ¶ 34. The school's secretary did not deliver the flowers because "there was a restraining order in place." *Id*. at ¶ 36. Defendant Mandeville, the assistant principal, delivered the flowers to Defendant Degen, and contacted Defendant James. *Id*. Defendant James contacted Plaintiff's parole officer no fewer than three times, asking that Plaintiff be arrested. *Id*. at ¶ 37. The parole officer told Defendant James to stop calling him. *Id*.

Defendant James also contacted Defendant Heath Mosness at the Police Department and reported that Plaintiff was harassing their daughter and violating a restraining order. *Id*. at ¶ 38. Defendant Mosness researched the CCIC database and found the April 7, 2005 order attached to the dissolution case, which stated "distance of 50 yards, excluded from 126 Ringneck, Eagle, Work Gypsum Elementary School, Hairwest 23 Snow Owl, Avon. Not [sic] harrass stalk, threaten or molest plaintiff or otherwise violate this order." *Id*. at ¶ 40. Defendant James was the only plaintiff in the dissolution proceeding, and the addresses were places where Defendant James worked and lived in 2005. *Id*.

Defendant Mosness told Defendant James that the children were not included in the Final Dissolution Decree. *Id*. at ¶ 41. Defendant James responded that "she had spoken with the courts

4

to try to get the language changed and it hasn't happened." *Id*. at ¶ 42. Defendant Mosness said that he would call the courts to try to clarify the language in the Final Dissolution Decree. *Id*. at ¶ 44. He then directed Defendant Jackie Cooper, who was Clerk of Court for the Eagle Combined Courts, to update the language of the Final Dissolution Decree in the computer system. *Id*. at ¶ 51. Defendant Mosness prepared an Affidavit for Arrest of Plaintiff on February 17, 2012. *Id*. at ¶ 53. He also contacted Plaintiff's parole officer and requested a parole violation be issued. *Id*. at ¶ 55. The parole officer refused, determining that the entry of a "no contact" order between Plaintiff and his children was added to the computer system after the February 14, 2012 flower delivery. *Id*. at ¶ 56.

Plaintiff was arrested on March 12, 2012 for violating the Final Dissolution Decree. *Id*. at ¶ 57. The prosecution presented a "Permanent Civil Protection Order" (PCPO) that neither Plaintiff nor his counsel had seen previously. *Id*. at ¶ 61. The PCPO named Plaintiff's children as protected parties. At a January 14, 2013 hearing, Defendant Mosness testified that he established probable cause for Plaintiff's arrest from documents that did not include the children as protected parties, and that he asked Defendant Cooper to update the computer system to reflect a "no-contact" order between Plaintiff and his children. *Id*. at ¶ 68. The state court dismissed the case, finding that there was no probable cause to arrest Plaintiff. *Id*. at ¶ 69. However, the court stated that it believed the PCPO was a valid order, and admonished Plaintiff not to contact his children. *Id*. As a consequence, Plaintiff has not seen his children since 2007 and, as of the date of filing the Amended Complaint in this action, had not contacted them since February 2012 for fear of being arrested. *Id*. at ¶ 72.

On February 22, 2013, Plaintiff filed a Petition for Declaratory Judgment regarding the

validity of the PCPO in the Eagle County District Court. *Id*. at ¶ 79. On March 27, 2013, the Eagle

County District Court ruled that the PCPO was not valid. *Id*. at ¶ 80.

## II.     Procedural Background

Plaintiff's Amended Complaint alleges that Defendants the Board of County Commissioners

of the County of Eagle, Colorado, and Officers Hoy and Degen violated his civil rights pursuant to

42 U.S.C. § 1983 for false arrest, malicious prosecution, and failure to implement appropriate

policies, customs and practices.  He also claims that the Defendants engaged in the tort of

outrageous conduct.

Plaintiff filed a Response to the Motion to Dismiss on September 6, 2013.[4]  That same day,

Plaintiff filed an Unopposed Motion to Dismiss (as relevant here) all claims against Defendant the

Board of County Commissioners of the County of Eagle, Colorado and the outrageous conduct claim

against Defendants Hoy and Degen in their official capacities.  Judge Blackburn granted Plaintiff's

Unopposed Motion to Dismiss.  Thus, the Motion to Dismiss now pertains only to the Section 1983

claims against Defendants Hoy and Degen and the outrageous conduct claim against Defendant

Degen in his individual capacity.

## <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to

dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference

---

[4] To the extent Plaintiff includes in his response a motion for leave to amend complaint, such motion fails to comply with D.C.Colo.LCivR 7.1(c), which states: "A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."

that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191 .

## ANALYSIS

The Court will address each of the defenses raised by Defendants Hoy and Degen in their Motion to Dismiss.

## I.    Defendant Hoy

Defendant Officer Hoy contends that (1) Plaintiff has plead insufficient facts to establish that Defendant Hoy violated his constitutional rights; (2) Defendant Hoy cannot be liable under *respondeat superior* or vicarious liability principles; and (3) there is no basis for municipal liability.

### A.      Sufficiency of the Pleadings

Plaintiff generally alleges that Defendant Hoy "failed to adequately supervise the Defendants Mosness, Degen, Cooper, Mandeville, and James." Amended Complaint, ¶ 77.  He states that Defendant Hoy's failure to adequately train and supervise "amounts to deliberate indifference" of Plaintiff's constitutional rights.  *Id.* at ¶ 97.  Additionally, Plaintiff alleges that Defendant Hoy "acted recklessly, intentionally, and with gross negligence and deliberate indifference[.]"  *Id.* at ¶ 102.  Aside from the foregoing general allegations, the Amended Complaint does not contain any specific factual allegations about Defendant Hoy.  Plaintiff's legal conclusions about Defendant Hoy are insufficient to state a Section 1983 claim upon which relief can be granted.  *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (explaining that "mere, 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to overcome a motion to dismiss) (quoting *Twombly*, 550 U.S. at 555).

### B.      *Respondeat Superior*

Plaintiff argues that Defendant Hoy is liable because, as Eagle County Sheriff, he is responsible for training and supervising the other individual Defendants in this action.

Before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir.1988) (quoting *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).  Section 1983 does not authorize liability under a theory of respondeat superior.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000).  "Supervisors are not strictly liable for the torts of their underlings; instead, they are liable only when they 'personally participated in the alleged violation.'"  *Bryson v. Gonzales*, 534 F.3d 1282, 1289 (10th Cir.2008)

(quoting *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996)).   Plaintiff makes no allegation that Defendant Hoy personally participated or acquiesced in any of the conduct that allegedly constitutes a constitutional deprivation.   Thus, to the extent Plaintiff relies on Defendant Hoy's supervisor position for liability under Section 1983, he has failed to plead sufficient facts.

### C.       Municipal Liability

Suing individual defendants in their official capacities under Section 1983 is essentially another way of pleading an action against the county or municipality they represent.  *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).   Thus, where, as here, an individual is sued in his official capacity, courts apply the standard of liability for municipalities and counties.

"[A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents.   Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983."  *Monell*, 437 U.S. at 694.

Plaintiff has not alleged any facts about the Police Department or Defendant Hoy's policies or customs.   Plaintiff's conclusory allegations about a failure to train are insufficient.   "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).   "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under Section 1983."  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).   "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a

9

Case 1:13-cv-00393-REB-MEH  Document 78  Filed 11/12/13  USDC Colorado  Page 10 of 16

municipal actor disregarded a known or obvious consequence of his action." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 131 S. Ct. at 1360 (quoting *Bryan*, 520 U.S. at 409).

Plaintiff's allegations have not met this standard. He has not alleged that Defendant Hoy disregarded a known or obvious consequence of his action; indeed, he has not alleged any specific action by Defendant Hoy. The Amended Complaint does not establish a pattern of similar constitutional violations by untrained employees. Accordingly, Plaintiff has failed to plead sufficient facts to state a claim for municipal liability pursuant to Rule 12(b)(6).

## II.     Defendant Degen

Defendant Degen contends that Plaintiff's Section 1983 claims against him fail because (1) Defendant Degen is entitled to qualified immunity, and (2) Plaintiff has failed to plead facts upon which relief can be granted under Rule 12(b)(6).[5] For the outrageous conduct claim against him, Defendant Degen raises a defense of 12(b)(6) failure to state a claim upon which relief can be granted.

### A.     Qualified Immunity

Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow*

---

[5] The Motion to Dismiss divides the 12(b)(6) defense into two arguments, addressing separately that (1) Plaintiff's failure to plead sufficient facts to establish that Defendant Degen violated his constitutional rights, and (2) the lack of a basis for municipal liability. The Reply Brief adds a third section regarding the 12(b)(6) defense, arguing that the pleadings are insufficient to establish that Defendant Degen was personally involved in the alleged violation of Plaintiff's civil rights. Because these arguments all appear to be raising 12(b)(6) defenses, the Court will address them together.

10

*v. Fitzgerald*, 457 U.S. 800, 818 (1982).  It is an entitlement not to stand trial or face the other

burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations

and citations omitted).  The privilege is an immunity from suit rather than a mere defense to liability.

*Id.*  When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to

overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).  "The

plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or

statutory rights, and that the right was clearly established at the time of the alleged unlawful

activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

The Supreme Court has discarded a review process that required courts to examine these

questions sequentially, first considering whether a right had been violated, and then second - if the

court concluded a right had been violated - whether that right was clearly established at the time of

the alleged violation. *Pearson,* 129 S. Ct. at 816-22.  *Pearson* retired this process, instead affording

courts the discretion to decide "which of the two prongs of the qualified immunity analysis should

be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818; *see also*

*Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

Because the inquiry as to whether Plaintiff has plead facts showing the violation of a

constitutional right requires the same analysis as a failure to state a claim defense, the Court will

consider these 12(b)(6) defenses together for each constitutional claim against Defendant Degen.

### i.    General Civil Rights Violation

Plaintiff's first claim for relief alleges "Violation of Civil Rights Pursuant to Title 42 U.S.C.

§ 1983."  Plaintiff states that the violations include deprivation of the right to be free from

unreasonable seizures and the right not to be deprived of liberty without due process of law.

Amended Complaint, ¶ 83.   To the extent these allegations are meant to state claims for relief separate from those delineated in the remainder of the operative pleading, such legal conclusions are insufficient to establish that Defendant Degen violated Plaintiff's constitutional rights pursuant to the first prong of the qualified immunity analysis.  *See Kan. Penn Gaming,* 656 F.3d at 1214.  For the same reason, the general allegations fail to state a claim upon which relief could be granted under Rule 12(b)(6).

### ii.    False Arrest

Plaintiff's second claim for relief alleges false arrest.  To maintain a false arrest claim under Section 1983, Plaintiff must demonstrate the elements of a common law claim and show that his Fourth Amendment right to be free from unreasonable search and seizure has been violated.  *See Pierce v. Gilchrist*, 359 F.3d 1279, 1289 (10th Cir. 2004) (evaluating a Section 1983 claim based on a common law tort, the elements of the tort serve "as an important guidepost for defining the constitutional cause of action," but "the ultimate question is always whether the plaintiff has alleged a constitutional violation") (citation omitted).   Under Colorado law, to establish a false arrest claim, a plaintiff must prove the following elements: (1) the defendant intended to restrict the plaintiff's freedom of movement; (2) the plaintiff's freedom of movement was restricted for a period of time, however short, either directly or indirectly, by an act of defendant; and (3) the plaintiff was aware that his freedom of movement was restricted.  CJI-Civ. 4th 21:1 (2013).  A claim for false arrest fails if the defendant had probable cause to believe that the plaintiff committed a criminal offense.  *Rose v. City & Cnty. of Denver*, 990 P.3d 1120, 1123 (Colo. App. 1999).

Plaintiff argues that the allegations are sufficient to draw an inference that the Defendants "acted with common objective" to have him arrested.  Response, p. 14 (docket #64).  According to

Plaintiff, because of Defendant Degen's position of authority, he authorized Plaintiff's arrest by his silence.  In support of his argument, Plaintiff relies on the following language:

> For liability under section 1983, direct participation is not necessary. Any official who 'causes' a citizen to be deprived of her constitutional rights can also be held liable. The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights.

*Buck v. City of Albuquerque*, 549 F.3d 1269, 1280 (10th Cir. 2008) (quoting *Snell v. Tunnell*, 920 F.3d 673, 700 (10th Cir. 1990)). In that case, the Tenth Circuit held that the requisite causal connection was satisfied for a Section 1983 claim against a police captain who was near the scene where officers used excessive force and arrested a protestor without probable cause, and the captain was "intimately involved in the preparation and planning of the [police force's] response to the demonstration, including measuring the amount of force the officers used and the arrests they made." *Id*.

By contrast, there is no allegation that Defendant Degen was even aware of Plaintiff's arrest, or that he held a position of authority over Defendant Mosness, the officer who prepared the affidavit for Plaintiff's arrest.  The only specific factual allegations against Defendant Degen are that (1) he is the School Resource Officer at Plaintiff's daughter's school, (2) Officer Arnold told him about the case in November 2011, (3) the school's assistant principal delivered the flowers intended for Plaintiff's daughter to Defendant Degen, and (4) Defendant Mosness spoke with Defendant Degen on February 14, 2012, the day Plaintiff sent the flowers to his daughter.  These allegations do not permit a reasonable inference that Defendant Degen intended for Plaintiff's arrest or that he directly or indirectly caused it.  Plaintiff does not specify what action or inaction by Defendant Degen "set in motion" the series of events that led to Plaintiff's arrest, and it is not otherwise

apparent from the operative complaint.

Plaintiff has failed to plead the necessary elements of a claim of false arrest, and has not met the first prong of the qualified immunity analysis.  Consequently, Defendant Degen should be entitled to qualified immunity for the false arrest claim and the claim should be dismissed for failure to state a claim under Rule 12(b)(6).

### iii.    Malicious Prosecution

Plaintiff's third claim for relief alleges malicious prosecution under Section 1983.  "A section 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir.1996) ("[O]ur circuit takes the common law elements of malicious prosecution as the 'starting point' for the analysis of a Section 1983 malicious prosecution claim, but always reaches the ultimate question, which it must, of whether the plaintiff has proven a constitutional violation.").

The Court found in section II(A)(ii) above that the allegations do not establish that Defendant Degen caused Plaintiff's arrest.  For the same reasons, the Court finds that the allegations do not show that Defendant Degen caused Plaintiff's prosecution in satisfaction of the first element of a malicious prosecution claim.  Thus, Plaintiff has failed to establish that Defendant Degen violated his constitutional rights, and has not met the first prong of the qualified immunity inquiry.  Accordingly, Defendant Degen is entitled to qualified immunity for the malicious prosecution claim, and Plaintiff has failed to state a claim for relief under Rule 12(b)(6).

### iv.   Municipal Liability

Plaintiff's fourth claim is for failure to implement appropriate policies, customs and practices.  As explained in section I(C) above with regard to Defendant Hoy, Plaintiff has not alleged any facts about the Police Department or Defendant Degen's policies or customs, and Plaintiff's conclusory allegations about a failure to train are insufficient.  A municipality's failure to train must amount to a "deliberate indifference" to the rights of its inhabitants.  *Canton*, 489 U.S. at 389.  For purposes of a failure to train claim, a pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference. *Connick*, 131 S.Ct. at 1360 (quoting *Bryan*, 520 U.S. at 409).  Plaintiff's allegations have not established a pattern of similar constitutional violations by untrained employees and have not otherwise shown a deliberate indifference.  Consequently, Defendant Degen is entitled to qualified immunity, and the claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### B.   Outrageous Conduct

The elements of liability for the tort of outrageous conduct are that: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in the conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the plaintiff incurred severe emotional distress which was caused by the defendant's conduct.  *Culpepper v. Pearl Street Bldg., Inc.*, 877 P. 2d 877, 882 (Colo. 1994).  "A person acts with intent to cause severe emotional distress when he engages in conduct with the purpose of causing severe emotional distress to another person, or he knows that his conduct is certain or substantially certain to have that result."  *Id*.  Though the Amended Complaint generally alleges that all of the Defendants acted recklessly or intentionally,

15

it contains no specific allegations that Defendant Degen acted with the purpose of causing severe

emotional distress to Plaintiff, or that he knew his conduct was certain or substantially certain to

cause that result.  Thus, Plaintiff has failed to plead sufficient facts to establish the requisite intent

for an outrageous conduct claim upon which relief can be granted pursuant to Rule 12(b)(6).

## CONCLUSION

In sum, the Court finds as follows that (1) none of the claims against Defendant Hoy or

Degen plead sufficient facts to state a claim for relief under Rule 12(b)(6); and (2) Defendant Degen

is entitled to qualified immunity for the Section 1983 claims against him.

Accordingly, based upon the foregoing and the entire record herein, this Court respectfully

RECOMMENDS that the Motion to Dismiss [filed July 30, 2013; docket #43] be **GRANTED**.

Entered and dated at Denver, Colorado, this 12th day of November, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

16