**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-00393-REB-MEH

STAN CHAMBERS,

    Plaintiff,

v.

JACKIE COOPER, in her individual capacity,
JOSEPH D. HOY, EAGLE COUNTY SHERIFF, in his official capacity,
HEATH MOSNESS, EAGLE COUNTY DEPUTY SHERIFF, in his individual and official capacity,
TAD DEGEN, EAGLE COUNTY DEPUTY SHERIFF, in his individual and official capacity,
ERIC MANDEVILLE, in his individual and official capacities; and
KIMBERLY JAMES, in her individual and official capacities,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) **Recommendation of United States Magistrate Judge** [#78],[1] filed November 12, 2013; and (2) **Plaintiff's Objections to the Recommendation of United States Magistrate Judge Concerning Defendants Hoy and Degen** [#82], filed November 26, 2013.  I overrule the objections, adopt the recommendation, and grant the apposite motion to dismiss.[2]

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed.  Thus, I have considered carefully the

---

[1]  "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

[2]  After the motion to dismiss was filed, plaintiff agreed to dismiss all claims against the Board of County Commissioners of the County of Eagle, Colorado, as well as the outrageous conduct claim against Sheriff Hoy and Deputy Degen in their official capacities.  (*See* **Order Regarding Plaintiff's Unopposed Motion To Dismiss** ¶ 2(a), (c), & (d) at 2 [#66], filed September 9, 2013.)  Those portions of defendants' motion to dismiss therefore are moot.

recommendation, objections, and applicable caselaw.  The recommendation is detailed and well-reasoned.  Plaintiff's objections are imponderous and without merit.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "'contain[] enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  Although all well-pleaded factual allegations of the complaint must be accepted as true, ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002), mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss, ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted).

Plaintiff insists that the Amended Complaint, read "as a whole," demonstrates that he has sufficiently alleged that all defendants acted together in a common scheme.  There is no theory of pleading under which the *gestalt* of the complaint would forgive a party's failure to plead any actual facts in support of its claims.[3]  Plaintiff's repeated incantation of his premise that all defendants acted "in partnership" with one another is not a fact, but a conclusion untethered from any facts that might support such an inference with respect to these defendants.  ***Robbins v. Oklahoma***, 519 F.3d 1242, 1248 (10th Cir. 2008). His global, undifferentiated references to "defendants" as a group likewise are insufficient to withstand a motion to dismiss.[4]  ***Id.*** at 1250; ***Lewis v. Strong***, 2010 WL 2232359 at *2 n.2  (D. Colo. June 2,

---

[3] Plaintiff insists that he "has alleged specific facts indicating that the roles between the Sheriff's Department and school officials were indistinguishable" (**Obj.** at 2), but fails to point the court to any such facts.

[4] For this same reason, the allegation that "[c]ounsel for Plaintiff informed *the government* that there was no restraining order naming the children" (**Obj.** at 3 (citing **Am. Compl** ¶ 66 at 17 [#9], filed May 8, 2013) (emphasis added)) does not support a conclusion that any particular defendant was aware of counsel's position.

2010).

The allegations implicating Sheriff Hoy are sparse and wholly conclusory.  (**See Am. Compl**. ¶ 77 at 20,  ¶ 97 at 24-25, & ¶ 102 at 26.)  There is not a single fact alleged to support plaintiff's bare allegation that the Sheriff Hoy was deliberately indifferent for failing to train or supervise his officers, such as would make Sheriff Hoy potentially liable in his official capacity.[5]  Indeed, plaintiff has not even specified how the officers' training is allegedly insufficient, *see* ***Connick v. Thompson***, – U.S. –, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011), much less alleged the existence of an official policy or custom that was the moving force behind the alleged constitutional violations of which he complains, *see* **Monell v. Department of Social Services of City of New York**, 436 U.S. 658, 694, 98 S.Ct. 2018, 1037-38, 56 L.Ed.2d 611 (1978), or "[a] pattern of similar constitutional violations by untrained employees," **Connick**, 131 S.Ct. at 1360.  Merely parroting the language of the relevant standard, as plaintiff has done in the Amended Complaint, is not sufficient to withstand a motion to dismiss.  **See Iqbal**, 129 S.Ct. at 1949.  Thus, these claims are properly dismissed.

For similar reasons, the Amended Complaint is inadequate to state a plausible cause of action against Deputy Degen.  Plaintiff alleges that in 2011 Officer Arnold "contacted Defendant Degen . . . and 'told [him] about the case'" (**Am. Compl.** ¶ 31 at 9), and that in February 2012, "Defendant Mosness met with Defendant Degen at Degen's office at Eagle County High School" (*see id.* ¶¶ 45-46 at 11).  Conspicuously lacking from these allegations is any suggestion as to what, specifically, Deputy Degen learned about plaintiff's case as a result of these meetings.[6]

---

[5] These same allegations likewise are insufficient to implicate liability on the part of Deputy Degen in his official capacity.

[6] The Amended Complaint avers that Deputy Degen received the flowers plaintiff sent to his daughter at Eagle Valley High School and that the flowers were never delivered to plaintiff's daughter. (**Am. Compl.** ¶ 36 at 9-10.)  At best, these allegations support an inference that Deputy Degen knew of the restraining order.  They do not, however, support the inference plaintiff seeks to draw – that Deputy Degen knew the restraining order did not apply to plaintiff's children and, more importantly, that he thereafter

*See Robbins*, 519 F.3d at 1248 (plaintiff cannot overcome motion to dismiss by allegations which are "so general that they encompass a wide swath of conduct, much of it innocent"). Moreover, there is no allegation in the Amended Complaint that can fairly be read to suggest that Deputy Degen did anything with whatever information he did learn about plaintiff's case as a result of these interactions that caused or contributed to plaintiff's arrest. Under those circumstances, Deputy Degen is entitled to qualified immunity from plaintiff's constitutional claims, as well as dismissal of plaintiff's outrageous conduct claim against him in his individual capacity.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections state in **Plaintiff's Objections to the Recommendation of United States Magistrate Judge Concerning Defendants Hoy and Degen** [#82], filed November 26, 2013, are **OVERRULED**;

2. That the **Recommendation of United States Magistrate Judge** [#78], filed November 12, 2013, is **APPROVED AND ADOPTED** as an order of this court;

3. That the **Motion To Dismiss Claims Against the Board of County Commissioners of Eagle County, Colorado, Joseph D. Hoy, and Tad Degen Pursuant to Fed. R. Civ. P. 12 (b)(1) and (b)(6)** [#43], filed July 30, 2013, is **GRANTED**;

4. That plaintiffs' claims against defendants, Joseph D. Hoy and Tad Degen, are **DISMISSED WITHOUT PREJUDICE**;

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on

---

played a role in the events that led to plaintiff's arrest.

behalf of defendants, Joseph D. Hoy, Eagle County Sheriff, in his official capacity, and defendant, Tad Degen, Eagle County Deputy Sheriff, in his individual and official capacities, against plaintiff, Stan Chambers, on all claims for relief and causes of action asserted against these defendants; and

6.  That defendant, Joseph D. Hoy, Eagle County Sheriff, in his official capacity and defendant, Tad Degen, Eagle County Deputy Sheriff, in his individual and official capacities, are **DROPPED** as named parties to this action, and the case caption is **AMENDED** accordingly.

Dated February 12, 2014, at Denver, Colorado.

**BY THE COURT:**

*[signature]*
Robert E. Blackburn
United States District Judge