**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-00393-REB-MEH

STAN CHAMBERS,

    Plaintiff,

v.

JACKIE COOPER, in her individual capacity,
HEATH MOSNESS, EAGLE COUNTY DEPUTY SHERIFF, in his individual and official capacity,
ERIC MANDEVILLE, in his individual and official capacities; and
KIMBERLY JAMES, in her individual and official capacities,

    Defendants.

## ORDER RE: OBJECTIONS TO RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#77],[1] filed November 12, 2013; (2) **Defendant Kimberly James' Objection to the Recommendation of United States Magistrate Judge** [#79], filed November 26, 2013; and (3) **Plaintiff's Objections to the Recommendation of United States Magistrate Judge Concerning Defendant Mandeville** [#81], filed November 26, 2013.  I overrule plaintiff's objections and approve and adopt the recommendation in so far as it applies to the claims against defendant, Eric Mandeville. However, I sustain the objections of defendant, Kimberly James, and respectfully reject

---

[1] "[#77]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

the recommendation to deny the motion to dismiss her claims.[2]

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. Thus, I have considered carefully the recommendation, objections, and applicable caselaw.

I commence by rehearsing the familiar standard of analysis. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "'contain[] enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Although all well-pleaded factual allegations of the complaint must be accepted as true, **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002), mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss, **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted).

Plaintiff insists that the Amended Complaint, read "as a whole," demonstrates that he has sufficiently alleged that Mr. Mandeville was part of a common scheme or plan with the Eagle County Sheriff's Department to procure plaintiff's arrest and prosecution. As I noted in ruling on plaintiff's previous objections to the motion to dismiss filed by the Sheriff's Department defendants,

---

[2] As noted in the recommendation, those portions of the motion to dismiss that implicated plaintiff's claims against the Board of Education, Eagle County School District, were mooted by plaintiff's voluntary dismissal of that defendant. (*See* **Order Regarding Plaintiff's Unopposed Motion To Dismiss** ¶ 2(a) at 2 [#66], filed September 9, 2013.) Thus, the recommendation – and this order – only address the arguments implicating Mr. Mandeville and Ms. James.

2

> [t]here is no theory of pleading under which the *gestalt* of the complaint would forgive a party's failure to plead any actual facts in support of its claims. Plaintiff's repeated incantation of his premise that all defendants acted "in partnership" with one another is not a fact, but a conclusion untethered from any facts that might support such an inference with respect to these defendants. His global, undifferentiated references to "defendants" as a group likewise are insufficient to withstand a motion to dismiss.

(**Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** at 2-3 [#86], filed February 12, 2014 (internal citations and footnotes omitted).) As in that instance, the facts (as opposed to mere legal conclusions) alleged against Mr. Mandeville are sparse. Plaintiff alleges that Mr. Mandeville, the assistant principal, on learning that plaintiff had sent flowers to his daughter at her high school, delivered them to the school's resource officer, Deputy Degen, and also thereafter contacted plaintiff's ex-wife, Ms. James. (**Am. Compl.** ¶ 36 at 9.) Mr. Mandeville also allegedly spoke to Deputy Mosness that same day. (*Id.* ¶ 46 at 11.)

It would require too great an inferential leap to conclude from these vague allegations that Mr. Mandeville knew that there was no restraining order preventing plaintiff from contacting his children. Plaintiff has provided not even a scintilla of detail as to what Mr. Mandeville may have discussed with either Deputy Degan or Ms. James, let alone alleged any facts to suggest that Mr. Mandeville was aware of or party to the events that caused plaintiff's arrest and prosecution. I therefore concur with the magistrate judge that these facts do not support plausible claims for false arrest, malicious prosecution, or outrageous conduct against Mr. Mandeville. The magistrate judge's recommendation that these claims be dismissed therefore will be adopted.

However, the magistrate judge concluded also that the allegations of the Amended Complaint were sufficient to assert plausible claims against Ms. James. In response, Ms. James objects and insists that these claims should be dismissed because there is no clearly established law requiring a citizen to have probable cause to report a suspected crime. Of course, plaintiff alleges much more than this – that Ms. James affirmatively lied to Deputy Mosness when she told him that the restraining order extended to her children. Nevertheless, Ms. James is alleged subsequently to have acknowledged to Deputy Mosness that the restraining order was not so broad. (**Am. Compl.** ¶¶ 41-43 at 10-11.)

Nevertheless, and contrary to the magistrate judge's conclusion, these facts do not support a reasonable inference that Ms. James's actions were "instrumental" in bringing about plaintiff's arrest and prosecution. Deputy Mosness's independent verification of the limited scope of the protection order effectively broke the causal chain between Ms. James's alleged false report and the alleged violations of plaintiff's constitutional rights. Ms. James is not alleged to have taken any further actions or played any role – direct or indirect – in the subsequent events that caused plaintiff's arrest and prosecution.

More to the point, plaintiff has cited to no clearly established authority – and this court has found none, from this circuit or any other – suggesting in circumstances even remotely similar to those of this case that Ms. James had any duty – let alone an affirmative duty – to prevent Deputy Mosness from attempting to alter or expand the terms of the protection order which he knew did not prevent plaintiff from contacting his

children.  Thus, Ms. James is entitled to qualified immunity from plaintiff's constitutional claims in her individual capacity.[3]

In addition, plaintiff cannot establish on the facts alleged that Ms. James's conduct was the cause of the severe emotional distress he allegedly suffered.[4] Specifically, the facts alleged cannot support an inference that Ms. James was certain or substantially certain, or was aware of a substantial probability, that Deputy Mosness would continue to pursue charges against plaintiff after learning that Ms. James's report was false.  **See *Culpepper v. Pearl Street Building, Inc.***, 877 P.2d 877, 882-83 (Colo. 1994).

Thus, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted insofar as it recommends that the claims against Mr. Mandeville be dismissed.  On the other hand, I respectfully reject the magistrate judge's recommendation that Ms. James's motion be denied and instead grant the motion as to plaintiff's claims against her.

---

[3] Although the recommendation does not address plaintiff's claims against both Mr. Mandeville and Ms. James in their official capacities, these claims clearly are subject to dismissal as well.  Official capacity claims "represent only another way of pleading an action against an entity of which an officer is an agent" and thus "is, in all respects other than name, to be treated as a suit against the entity."  ***Kentucky v. Graham***, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (citation and internal quotation marks omitted).  In order to find liability in an official capacity suit, some policy or custom of the entity must have played a part in the alleged constitutional deprivation.  ***Oklahoma v. Tuttle***, 471 U.S. 808, 817-18, 105 S.Ct. 2427, 2432-33, 85 L.Ed.2d 791 (1985).  The Amended Complaint contains no non-conclusory allegations sufficient to state a plausible claim under this rubric, and, in fact, plaintiff has already dismissed his claims against the Eagle County School Board.  (**See *supra*** n.2.)

[4] All of plaintiff's damages for emotional distress appear to flow proximately and directly from his arrest and subsequent prosecution.  There is nothing in the Amended Complaint that fairly can be read to tie Ms. James's pre-February 2012 reports regarding the scope of the protection order to her colleagues at the high school or to plaintiff's parole officer to any consequences that might be considered to be part of plaintiff's emotional damages.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#77], filed November 12, 2013, is **APPROVED AND ADOPTED IN PART** and respectfully **REJECTED IN PART**, as follows:

    a. That the recommendation is **APPROVED AND ADOPTED** insofar as it recommends that the claims against Mr. Mandeville be dismissed; and

    b. That the recommendation respectfully is **REJECTED** insofar as it recommends that Ms. James's motion to dismiss the claims against her be denied;

2. That the objections stated in **Defendant Kimberly James' Objection to the Recommendation of United States Magistrate Judge** [#79], filed November 26, 2013, are **SUSTAINED**;

3. That the objections stated in **Plaintiff's Objections to the Recommendation of United States Magistrate Judge Concerning Defendant Mandeville** [#81], filed November 26, 2013, are **OVERRULED**;

4. That **The School District Defendants' Motion To Dismiss** [#41], filed July 26, 2013, is **GRANTED**;

5. That plaintiff's claims against defendants, Eric Mandeville and Kimberly James, are **DISMISSED WITHOUT PREJUDICE**;

6. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendant Eric Mandeville, in his individual and official capacities and defendant, Kimberly James, in her individual and official capacities, against plaintiff,

Stan Chambers, on all claims for relief and causes of action asserted against these defendants; and

    7.  That defendants, Eric Mandeville, in his individual and official capacities and defendant, Kimberly James, in her individual and official capacities, are **DROPPED** as named parties to this action, and the case caption is **AMENDED** accordingly.

    Dated February 18, 2014, at Denver, Colorado.

                                     **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge