**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00393-REB-MEH

STAN CHAMBERS,

    Plaintiff,

v.

JACKIE COOPER, in her individual capacity, and
HEATH MOSNESS, EAGLE COUNTY DEPUTY SHERIFF, in his individual and official capacity,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#76],[1] filed November 12, 2013; and (2) **Plaintiff's Objections to the Recommendation of United States Magistrate Judge Concerning Defendant Cooper** [#80], filed November 26, 2013. I overrule plaintiff's objections, adopt the recommendation, and grant the apposite motion to dismiss plaintiff's claims against Ms. Cooper in her individual capacity.[2]

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the

---

[1] "[#76]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Plaintiff previously dismissed Count IV of the Amended Complaint, as well as all claims against Ms. Cooper in her official capacity, from this lawsuit. (*See* **Order Regarding Plaintiff's Unopposed Motion To Dismiss** ¶ 2(e) & 2(f) at 2 [#66], filed September 9, 2013.)

recommendation, objections, and applicable caselaw.[3]

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "'contain[] enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Plausibility in this context requires that the complaint allege facts sufficient to "raise a right to relief above the speculative level." **Kansas Penn Gaming, LLC v. Collins**, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting **Twombly**, 127 S.Ct. at 1965). **See also Robbins v. Oklahoma**, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.")

The magistrate judge recommends granting Ms. Cooper's motion to dismiss on the grounds that the allegations implicating her state conceivable, but not plausible claims. The nature and specificity of the allegations required to state a plausible claim vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." **Ashcroft v. Iqbal**, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); **see also Kansas Penn Gaming**, 656 F.3d at 1215. Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." **Dias v. City and County**

---

[3] The magistrate judge found no basis to conclude that Ms. Cooper was entitled to absolute judicial immunity for her alleged actions, and she has not objected to the recommendation on that basis. I therefore do not consider that issue.

*of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

In considering the recommendation and plaintiff's corresponding objections, it is vital to note with specificity the wrong Ms. Cooper, the Eagle County Court Clerk, is accused of committing. Plaintiff alleges that Ms. Cooper merely provided Deputy Mosness with copies of the 2005 protection order involving plaintiff and his ex-wife and the 2005 Decree of Dissolution of Marriage which incorporated the protection order. (**Am. Compl.** ¶¶ 49-50 at 12.) Despite the fact that these documents contained no indication or injunction that plaintiff was prevented from contacting his children, Deputy Mosness nevertheless allegedly relied on them in his arrest warrant affidavit claiming there was probable cause to arrest plaintiff for violation of the protection order. (**Am. Compl.** ¶ 53 at 13.)

The Amended Complaint alleges further that Deputy Mosness, aware that the 2005 protection order between plaintiff and his ex-wife did not prevent plaintiff from having contact with his children, nevertheless "went to the Eagle County Court Clerk's office to cause, without legal authority, the creation of a protection order between Mr. Chambers and his children." (**Am. Compl.** ¶ 48 at 12.) To that end, Deputy Mosness allegedly "directed Defendant Cooper to 'update the language of the protection order in the CCIC/NCIC computer.'" (*Id.* ¶ 51 at 12; *see also id.* ¶ 68 at 18 (alleging that Deputy Mosness testified at plaintiff's criminal trial that "he asked Defendant Court Clerk Jackie Cooper to 'update' the CCIC/NCIC information to reflect a 'no-contact' Order between [plaintiff] and his children").) Plaintiff alleges that in connection with discovery in his

criminal case, he subsequently received from the government a Permanent Civil Protection Order that included the children as protected parties. (*Id.* ¶¶ 61-62 at 15.) This order allegedly "was the primary document relied upon by the People in support [of] the charges of violation of a protection order filed against [plaintiff.]" (*Id.* ¶ 67 at 17.)

The inference that the Amended Complaint seeks to draw, therefore, is that Ms. Cooper was responsible for the alteration of the protection order. I agree with the magistrate judge that this inference, while conceivable, is not plausible. In fact, with regard to plaintiff's claim of false arrest, the Amended Complaint does not tie any alleged misconduct of Ms. Cooper to plaintiff's arrest at all. Instead, the arrest was based allegedly on Deputy Mosness's mispresentation regarding the content and scope of the original 2005 protection order. It is not plausible to infer that Ms. Cooper's mere provision of the original orders to Deputy Mosness caused or contributed to plaintiff's arrest. Thus, the recommendation to dismiss this claim will be adopted.

With respect to plaintiff's malicious prosecution claim, the magistrate judge found that the facts alleged were sufficient to permit a reasonable inference that Ms. Cooper "changed the Final Order to extend to Plaintiff's children." I do not believe the allegations of the Amended Complaint go even that far.

Plaintiff alleges that Deputy Mosness requested Ms. Cooper to "update the language of the protection order in the CCIC/NCIC computer." (**Am. Compl.** ¶ 51 at 12.) "NCIC" is the initialism for the FBI's National Crime Information Center; "CCIC" is its Colorado state counterpart. The NCIC database is "an electronic clearinghouse of crime data" consisting of 21 separate files, one of which is Protection Orders.

4

> Criminal justice agencies enter records into NCIC that are accessible to law enforcement agencies nationwide. . . . However, a positive response from NCIC is not probable cause for an officer to take action. NCIC policy requires the inquiring agency to make contact with the entering agency to verify the information is accurate and up-to-date. Once the record is confirmed, the inquiring agency may take action to arrest a fugitive, return a missing person, charge a subject with violation of a protection order, or recover stolen property.

Federal Bureau of Investigation, *About Us, National Crime Information Center* (available at http://www.fbi.gov/about-us/cjis/ncic) (last accessed February 20, 2014). "The entry, modification, and removal of records are the responsibility of the agency that entered them." (*Id.*)  *See also* U.S. Department of Justice, Federal Bureau of Investigation, Criminal Justice Information Services Division, *Law Enforcement Records Management Systems (RMSs)*, *The National Crime Information Center (NCIC) and Law Enforcement Records* at 14 ("Agencies that enter records in the NCIC are responsible for their accuracy, timeliness, and completeness.") (available at http://www.fbi.gov/about-us/cjis/law-enforcement-records-management-system) (last accessed February 20, 2014).

Plaintiff's allegation is that Ms. Cooper was asked to "update" this database. There is, however, no allegation that Ms. Cooper complied with this request. Moreover, and even assuming *arguendo* that Ms. Cooper did, in fact, "update" the database as requested, there is no allegation tying that action to the adulterated protection order plaintiff received some months later. There are no facts alleged to suggest that Ms. Cooper was herself responsible for generating the new protection order on which the state relied in prosecuting plaintiff. Nor are there any facts pleaded to suggest that

whoever created that order relied on the NCIC/CCIC database.  The inferences required to support plaintiff's theory of liability thus are simply too attenuated to support a plausible chain of causation sufficient to support plaintiff's malicious prosecution claim as against Ms. Cooper.

For similar reasons, I likewise approve and adopt the magistrate judge's recommendation that the facts alleged in the Amended Complaint are insufficient to support a claim that Ms. Cooper knew that her alleged actions were certain or substantially certain to cause plaintiff severe emotional distress, a necessary element of his outrageous conduct claim.  ***See Culpepper v. Pearl Street Building, Inc.***, 877 P.2d 877, 882 (Colo. 1994).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#76], filed November 12, 2013, is **ADOPTED** and **APPROVED** as an order of the court:

2. That the objections stated in **Plaintiff's Objections to the Recommendation of United States Magistrate Judge Concerning Defendant Cooper** [#80], filed November 26, 2013, are **OVERRULED**;

3. That **Defendant Cooper's Motion To Dismiss the Amended Complaint** [#32], filed July 8, 2013, is **GRANTED**;

4. That plaintiff's claims against Ms. Cooper in her individual capacity are **DISMISSED WITHOUT PREJUDICE**;

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** for defendant, Jackie Cooper, in her individual capacity, against plaintiff, Stan

Chambers, on all claims for relief and causes of action asserted in this action; and

6. That defendant, Jackie Cooper, in her individual capacity, is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly.

Dated February 25, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge