IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00393-REB-MEH

STAN CHAMBERS,

    Plaintiff,

v.

HEATH MOSNESS, Eagle County Deputy Sheriff, in his individual and official capacities,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

Pursuant to the parties' Joint Stipulated Motion for Protective Order, the Court hereby Orders as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admissions, deposition testimony, and other information disclosed by either party in this civil action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. One who provides, serves, discloses, or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such

documents or information are protected by a statutory, regulatory, or common law right of privacy or protection, or otherwise contain nonpublic personal, medical, personnel, employment, private, financial, or other information implicating privacy interests, proprietary interests, or safety and security concerns of either party, or any other person, may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

    4.    Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of both parties or their attorneys, or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case; however, this does not include contract employees, other persons hired on a temporary basis, or outside agencies, organizations, or institutions;

    (c)    the parties and designated representatives of Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) witnesses in the course of deposition or trial testimony where a party has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where a party has a reasonable and good faith belief that such person will be a witness in this action and that his or her examination with respect to the document is necessary in connection with such testimony; and

(h) other persons by agreement of both parties.

5. Prior to disclosing any "Confidential" information to any person listed in Paragraphs 4(d), 4(f), 4(g), and 4(h) listed above, a party or party's counsel shall provide such person with a copy of this Protective Order and have such person sign an acknowledgement that he or she has read this Protective Order and agrees to be bound by its provisions, as set forth in the form attached hereto as Exhibit A.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any re-disclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is

strictly prohibited. The objective of this Protective Order is that none of the information revealed in connection with such protections shall be used for any purpose other than in relation to this litigation and that no one shall be allowed to use any information produced pursuant to this Protective Order in connection with any other issue, dispute, litigation, or charge against any of the parties, whether currently pending or contemplated in the future.

7. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies or excerpts shown or given to those authorized hereby and according to the provisions hereof, shall be stamped to indicate the protected and Confidential nature of the disclosed information. Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. Additionally, by designating information as Confidential and producing that information pursuant to this Protective Order's terms, the parties do not waive any objections or statutory exemptions that may otherwise be asserted. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. Counsel to the parties are required to advise, instruct, and supervise all associates, staff, and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion.

9. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof may be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to the other party within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcript that contain Confidential Material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated as Confidential shall also be bound separately.

11. A party may object to the designation of particular documents as Confidential by giving written notice to the other party. The written notice shall identify the information to which objection is made and the limitations in scope to which objection is made where relevant. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file a motion with the Court requesting the Court to determine whether the disputed information should be subject to the terms of this Protective Order. If this procedure is timely followed, the disputed

information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to timely follow such discovery dispute procedures, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any dispute raised under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. If a party inadvertently discloses information that was not designated as Confidential but later determines the disclosed information should be designated as Confidential, the disclosing party shall promptly notify the other non-disclosing party of the error and furnish properly designated copies of the disclosed information. Upon learning of the improperly-designated disclosure, the non-disclosing party shall treat all copies of the disclosed information as if they were originally designated as Confidential.

13. Nothing in this Protective Order is intended to or does affect the presentation of evidence at trial. If either party wishes to seek one or more Orders closing the courtroom to the public during the trial of this matter or restricting access to any evidence presented therein, that party must make a motion to so close the Court or restrict access to evidence in accordance with D.C.COLO.LCivR 7.2.

14. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential shall be promptly returned to the party designating the material as Confidential, or the parties may elect to promptly destroy confidential documents.

Where the parties agree to destroy confidential documents, the destroying party shall provide the other party with an affidavit confirming the destruction. However, this does not require any party to destroy any documents that would normally be maintained in its records, as part of a case file or required to be kept by law.

15. Stamped Confidential documents shall not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56, motions to determine confidentiality under the terms of this Protective Order, motions in limine, and motions related to discovery disputes if the Confidential documents are relevant to the motion. A party contemplating filing Confidential Material protected by this Protective Order with the Court shall have the Confidential information filed under restricted access, or otherwise restricted from public access, pursuant to D.C.COLO.LCivR 7.2.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential documents or information sought.

Dated at Denver, Colorado this 27th day of October, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00393-REB-MEH

STAN CHAMBERS,

    Plaintiff,

v.

HEATH MOSNESS, Eagle County Deputy Sheriff, in his individual and official capacities,

    Defendant.

_____

**EXHIBIT A -- TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**
_____

    I, _____, the undersigned, being duly sworn, hereby acknowledges that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

    My current address and telephone number is: _____

                                                Signature

STATE of _____ )
                                ) ss:
COUNTY of _____ )

      The foregoing Confidentiality Agreement was sworn and acknowledged to me by _____ on this \_\_\_\_ day of _____, 201\_\_.

Witness my hand and official seal.

    [S E A L]

_____
Notary Public

My commission expires:_____